

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2010

# Surf Moore v. State of NJ

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-1775

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Surf Moore v. State of NJ" (2010). *2010 Decisions.* Paper 1116.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1116

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-225**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1775
_____

SURF MOORE,
                              Appellant

v.

STATE OF NEW JERSEY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-04595)
District Judge:  Honorable Garrett E. Brown, Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 17, 2010
Before:  SLOVITER, AMBRO AND SMITH, Circuit Judges

(Opinion filed: June 28, 2010)
_____

OPINION
_____

PER CURIAM

Appellant, Surf Moore, proceeding pro se, appeals from the District Court's dismissal

of his complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  For the reasons

1

stated herein, we will summarily vacate and remand.

In September 2009, Moore filed a complaint in the United States District Court for the District of New Jersey challenging a fine imposed under New Jersey law. Although the complaint is vague and confusing, it appears that Moore alleged a due process violation in response to an arrest following his failure to pay a fine. However, Moore provided the court with only these minimal facts in his complaint and cited verbatim 28 U.S.C. § 1343, 28 U.S.C. § 2462, the Fourteenth Amendment, and the Fifth Amendment. Before directly quoting each of the above-mentioned statutes and constitutional amendments, Moore asserted two major claims: 1) the New Jersey statute is vague and uncertain; and 2) the New Jersey statute is in conflict with a federal statute. The District Court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) for the following reasons: 1) Moore failed to provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in accordance with Fed. R. Civ. P. 8(a)(2); and 2) he failed to state "sufficient factual matter" to show that any potential claims are facially plausible. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948-49 (2009). Moore filed a timely notice of appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Moore has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal must be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). We may take summary action on an appeal if it presents

2

no substantial question.  See 3d Cir. LAR 27.4.

When the District Court dismisses a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2), the District Court must allow the litigant leave to amend his complaint unless any amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002).  Here, the District Court correctly concluded that Moore's complaint failed to state a claim, but it failed to offer Moore an opportunity to file an amended complaint in order to clarify his allegations.  See  id.; see also Phillips v. County of Allegheny, 515 F.3d 224, 231-36 (3d Cir. 2008) (clarifying that the pleading standards under Rules 8 & 12(b)(6) require that the District Court must give a plaintiff the opportunity to amend her complaint prior to dismissal, unless amendment would be futile).  While we agree that Moore's pleadings failed to establish sufficient factual background to ascertain whether a basis for the claims exist, an amended complaint providing additional details may reveal information that will allow the court to determine a basis for Moore's claims.  We therefore conclude that, without a finding of futility, the District Court should uphold its obligation to allow Moore to file an amended complaint.

Accordingly, because there is no substantial question presented, we will summarily vacate and remand this appeal with instructions to the District Court to grant Moore leave to amend his complaint.  See 3d Cir. LAR 27.4 & I.O.P. 10.6.